UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLAN SYDNEY EDWARDS,       )
                            )
            Plaintiff,      )
                            )
v.                          )     Civil Action No. 16-2306 (RCL)
                            )
U.S. PARK POLICE,           )
                            )
            Defendant.      )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 4]. For the reasons discussed below, the Court will grant the motion and dismiss this civil action.

According to plaintiff, at an unspecified time and place and while driving "a rental vehicle[, he] was stopped unlawfully at a red light," presumably by a United States Park Police officer. Compl. [ECF No. 1-2]. His vehicle was impounded. *Id.* As a result, plaintiff alleged, he "never was able to retest for CDL nor update information for medical assistance from Social Security Administration." *Id.* Plaintiff filed his complaint in the Superior Court of the District of Columbia on August 8, 2016, where he demanded a judgment in the sum of $45,620. *Id.* He subsequently increased his demand to $127,000 to compensate him for medical expenses, costs for CDL training, and other expenses. *See* Motion – (Pro Se), *Edwards v. U.S. Park Police*, No. 2016-CA-005846 (D.C. Super. Ct. filed August 16, 2016)).[1] Defendant removed this action on November 18, 2016, and filed its motion to dismiss on December 8, 2016.

---

[1] ECF No. 3 at 27.

1

On January 9, 2017, the Court issued an Order advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified plaintiff that, if he failed to file an opposition or other response to defendant's motion within 14 days, or by January 20, 2017, the Court would treat the pending dispositive motion as conceded. *See* Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities). The Clerk of Court mailed a copy of the January 9, 2017 Order to plaintiff at his address of record, and plaintiff filed his opposition on February 16, 2017.[2]

Defendant moves to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction over plaintiff's claim. *See generally* Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 2-3.[3] Because plaintiff demands money damages from a federal government agency, he must proceed under the Federal Tort Claims Act ("FTCA"), which operates as a waiver of the government's sovereign immunity for certain tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). For example, a person may bring a claim in federal district court "for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission" of a federal government employee "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

---

[2] The Clerk of Court received plaintiff's opposition on January 11, 2017, and the Court granted leave to file the opposition on February 16, 2017. The Court deems plaintiff's opposition timely filed.

[3] For purposes of this Memorandum, the Court presumes without deciding that service of process on defendant is sufficient. Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for failure to effectuate proper service, *see* Def.'s Mem. at 3-4, is denied.

occurred." 28 U.S.C. § 1346(b)(1). There are limitations under and exceptions to the FTCA, however, one of which dooms plaintiff's claim:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and the plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In support of its motion, defendant submits the declaration of Charles B. Wallace, an Attorney-Advisor with the United States Department of the Interior's Office of the Solicitor assigned to its Division of General Law – Branch of Acquisitions and Intellectual Property. Def.'s Mem., Ex. 1 ("Wallace Decl.") ¶ 1. He is responsible for the "receipt and handling of administrative tort claims against the Department of the Interior . . . and its bureaus," Wallace Decl. ¶ 3, "including the National Park Service and United States Park Police," *id.* ¶ 4. The declarant has "reviewed . . . FTCA intake records and claim logs, and [finds] no record of any FTCA administrative claim submitted by or on behalf of Allen Edwards, nor any FTCA claim that relates to the allegations made in the captioned litigation." *Id.* ¶ 5.

The Court carefully has reviewed plaintiff's opposition, and fails to identify a substantive response to the legal arguments set forth in defendant's motion to dismiss. Rather, it appears that

3

plaintiff merely submits exhibits to support his claim for damages, such as costs arising from the impoundment of the vehicle. Defendant thus demonstrates that plaintiff did not exhaust his administrative remedies under the FTCA because he did not file an administrative tort claim with the appropriate federal agency prior to filing this lawsuit. Accordingly, the Court grants defendant's motion and dismisses this action for lack of subject matter jurisdiction. An Order is issued separately.

DATE: April 26, 2017

ROYCE C. LAMBERTH
United States District Judge